Filed 9/23/21  Edalat v. Cahill CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAUL EDALAT et al., | |
| Plaintiffs and Respondents, | G058761 |
| v. | (Super. Ct. No. 30-2018-00996645) |
| BRUCE CAHILL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Greer & Associates, C. Keith Greer and C. Tyler Greer for Defendant and Appellant.

Mir Saied Kashani for Plaintiffs and Respondents.

## INTRODUCTION

Bruce Cahill appeals from an order denying his motion to strike under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1] Respondents Paul Edalat and Olivia Karpinski sued Cahill for allegedly defamatory statements he made after largely prevailing in a federal lawsuit in which Cahill was the plaintiff and Edalat and Karpinski were defendants and counterclaimants. The trial court denied the motion on the grounds that part of it was untimely and that the newly allegedly defamatory statements were not protected activity.

We affirm. Although respondents' first amended complaint added some details to the existing allegations of their original complaint, the gravamen of their causes of action for defamation did not change. The court had already denied a previous, timely, anti-SLAPP motion on those causes of action. As for the new claim in the first amended complaint, the trial court correctly ruled that Cahill did not carry his burden to show protected activity as required by the first prong of an anti-SLAPP analysis.

## FACTS

Edalat and Karpinski filed a complaint against Cahill, a public relations firm, a New Hampshire newspaper, and its editor on June 1, 2018. The causes of action listed were slander, libel, and abuse of process.

The alleged defamation in this case had its origins in a federal lawsuit filed in the Central District of California. Cahill sued Edalat and Karpinski in federal court alleging a variety of federal and state claims. Both Edalat and Karpinski counterclaimed in the federal case, Karpinski for sexual harassment. By the time of trial in August 2017, however, only state law claims remained in both the complaint and the two counterclaims.

---

[1] All further statutory references are to the Code of Civil Procedure.

2

The federal jury returned a verdict of $600,000 in compensatory damages in Cahill's favor and against Edalat with an additional award of $100,000 in punitive damages to Cahill. Cahill received an award of $11,000 in damages against Karpinski. Edalat recovered $250,000 in damages on his counterclaim against Cahill, and Karpinski recovered $10,000 in damages on her counterclaim against Cahill.[2]

Edalat and Karpinski then sued Cahill in Orange County Superior Court in 2018. They alleged that after winning in federal court, Cahill orally stated to the New Hampshire Union Leader, a newspaper, that "Edalat has accused Cahill of sexually harassing Karpinski, but under oath she later admitted the allegations were baseless, according to Court records[.]" They alleged that Cahill made substantially the same oral statement to NH1 News the next day.

Edalat and Karpinski alleged that a further oral statement, made a few months later to a different media outlet, slandered Edalat by stating that the federal jury's award of compensatory and punitive damages against Edalat had vindicated Cahill, omitting any mention of Edalat's award of damages on his counterclaim. The oral statement slandered Karpinski by stating she had received nothing on her sexual harassment counterclaim. Instead her award against Cahill stemmed from a failure to give proper notice before terminating her. In fact, neither the verdict nor the judgment had specified the basis of Karpinski's $10,000 damages award. These allegations formed the basis of the first cause of action, for slander.

The second cause of action of the original complaint, against Cahill and a codefendant, was for libel.[3] The second cause of action was based on the same oral statements identified in the slander cause of action, but this time Cahill was alleged to

---

[2] The federal jury found that Cahill had acted with oppression, fraud and malice against Karpinski (on her counterclaim), but she was not awarded punitive damages.

[3] The third cause of action for libel was stated against the New Hampshire Union Leader and its editor.

have made the oral statements with the expectation that they would be published in written form.

One of Cahill's codefendants made an anti-SLAPP motion early in the litigation with respect to the first two causes of action (slander and libel) in the original complaint, which motion was denied.

The first amended complaint was deemed filed and served on September 23, 2019.[4] The first amended complaint dropped the newspaper defendants and the abuse of process cause of action and added a claim for false light. It also added allegations about press releases or "pitch letters" issued by Cahill, or caused to be issued by him, in May 2017 (before the trial in federal court), August 2017 (after the verdict), and September 2017.

A new allegation concerned a "pitch letter" and draft press release allegedly prepared by a PR firm for Cahill in 2016, before the federal verdict. This letter linked Edalat to a Canadian company, Alternate Health Company, that the PR firm later characterized as a "stock scam."

Cahill filed his anti-SLAPP motion on November 22, 2019. The matter was heard on January 6, 2020, and the court issued its minute order on the same day. The grounds for denying the motion given in the minute order were untimeliness as to the first two causes of action and failure to follow California Rules of Court, rule 3.1113 regarding the page limits for a memorandum of points and authorities and a reply

---

[4] The trial court chastised Cahill's counsel for violating the court rule about page limits on motions, and counsel shows the same cavalier attitude toward rules of court relating to appeals. Because the appellant's appendix does not include a copy of the register of actions (see Cal. Rules of Court, rules 8.122(b)(1)(F), 8.124(b)(1)(A)), the only reason we know when the first amended complaint was filed is that respondents included the order permitting the amended complaint their appendix. The notice of appeal and the notice of election are also missing from the appellant's appendix.

Appellant's appendix includes a notice of ruling from a separate case in a Los Angeles County court against an entirely different slate of defendants dated a year before the hearing took place. He has asked us to take judicial notice of this ruling, apparently assuming that the request would be granted. As the notice of ruling is irrelevant to the issues in this appeal (see *People v. Rowland* (1992) 4 Cal.4th 238, 268, fn. 6), we deny the request and disregard the document as being improperly included in the appendix.

4

memorandum.  It is clear from the reporter's transcript, however, that the ruling was also based on the court's conclusion that the newly alleged communications did not qualify as protected activity.

## DISCUSSION

A SLAPP suit is one that "seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances."  (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055.)  Section 425.16, the anti-SLAPP statute, provides a means of determining at the outset whether an action is a SLAPP suit before a defendant seeking to exercise its constitutional rights is overwhelmed by attorney fees.  (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1547.)

A trial court ruling on a motion under section 425.16 engages in a two-step process.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.)  The court first considers "whether the challenged claims arise from acts in furtherance of the defendants' right of free speech or right of petition under one of the categories set forth in section 425.16, subdivision (e).  [Citation.]"  (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 209.)  The defendant/moving party bears the burden of demonstrating that the claim arises from protected conduct.  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)  If a claim arises from protected conduct as statutorily defined, the analysis moves to the plaintiff's probability of prevailing.  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)  We review an order granting or denying an anti-SLAPP motion de novo.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

Most of Cahill's arguments on appeal pertain to the second prong of the anti-SLAPP analysis, the prong the trial court did not reach.  He argues, for example, that he did not make the allegedly defamatory statements and that the statements are not provably false.  These are arguments relating to the likelihood of prevailing; they would

also serve as the basis for demurrers. They do not, however, pertain to the first prong: the existence of protected activity.

**I.          Timeliness**

Cahill argues that his anti-SLAPP motion was timely because respondents amended their complaint on the eve of trial to assert new allegations, thereby allowing him to attack them through an anti-SLAPP motion.

Section 425.16, subdivision (f), requires a defendant to make an anti-SLAPP motion no later than 60 days of the service of the complaint, unless the court permits a later filing. "'An amended complaint reopens the time to file an anti-SLAPP motion without court permission only if the amended complaint pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion.' [Citation.]" (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 641.)

In this case, the slander and libel causes of action in the first amended complaint alleged the identical statements that were alleged to be defamatory in the original complaint, namely, that Karpinski had admitted her harassment charges were baseless and that Cahill's summary of the federal verdict was misleading. The first amended complaint added some details about how the statements originated and were published, but they did not alter the "gravamen" of the causes of action. They were still based on the allegedly false statement about Karpinski recanting her sexual harassment claim and the allegedly misleading statement about who got what in the federal trial. The statements were subject to an anti-SLAPP motion in their original form – and one was made and denied – and the new allegations of the first amended complaint did nothing to change previously pleaded non-SLAPP allegations into ones subject to the anti-SLAPP

6

statute.  It was too late to make another anti-SLAPP motion to strike claims that were in the action from the beginning.[5]

**II.            Protected Activity**

Section 425.16, subdivision (e), identifies the activity protected by the anti-SLAPP statute:  "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

The only allegations of new statements in the first amended complaint are those dealing with Edalat's alleged association with Alternate Health.  These allegations are restricted to the false light cause of action.

Cahill argues on appeal that the Alternative Health draft release is protected because Edalat's fraud and Alternative Health stock scheme are matters of "public concern," which we take to mean "a public issue or an issue of public interest." (§ 425.15, subd. (e)(4).)  A public issue is one that (a) "concerned a person or entity in the public eye," (b) involved "conduct that could directly affect a large number of people beyond the direct participants," or (c) concerned "a topic of widespread, public interest." (*Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924.)  An issue of public interest is one of concern to a

_____

[5]        The assertion that the court denied the motion because it was made on the eve of trial is false.  The untimeliness  to which the court referred was Cahill's failure to move to strike the first and second causes of action – essentially unchanged from the original complaint – until late in the day, instead of at the beginning of the case when anti-SLAPP motions are supposed to be made.  (See *Baral v. Schnitt* (2016) 1 Cal.5th 376, 392.)

7

substantial number of people.  There should be a degree of closeness between the statements and the asserted interest.  And the focus of the speaker's conduct should be the public interest and not "a mere effort 'to gather ammunition for another round of [private] controversy . . . .' [Citation.]"  (*Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1132-1133.)

The trial court characterized the newly alleged statements as being "behind the scenes" and "not communications in the public sphere."  "The only things that are advanced that have occurred since the time limit passed are not appropriate SLAPP activities."[6]  We agree with the court.

Cahill did not point the trial court to any evidence that the Alternate Health press release was widely distributed, or even that it was ever distributed.  From the allegations of the complaint, it appeared to be a communication between Cahill and someone at his PR firm.[7]  The mere existence of the press release, without more, is not evidence that Cahill was involved in a discussion or controversy of interest to a substantial number of people.  (See *Du Charme v. International Brotherhood of Electrical Workers* (2003) 110 Cal.App.4th 107, 119.)

Because Cahill failed to carry his burden to show protected activity, we need not move to the second prong of the anti-SLAPP analysis, the likelihood of prevailing.  (See *Talega Maintenance Corp. v. Standard Pacific Corp.* (2014) 225 Cal.App.4th 722, 728.)

---

[6]     When he opposed the motion to amend the complaint, Cahill argued that the new cause of action for false light was "superfluous under California law when based on the same facts alleged in support of [plaintiffs'] originally pleaded defamation claims" and "based on the identical allegations of their original complaint for slander and libel."  Cahill also argued that the new documents referred to in the false light cause of action "were never circulated beyond the defendants in the instant case."

[7]     The trial court sustained evidentiary objections to 23 out of the 34 exhibits attached to Cahill's anti-SLAPP motion.  Cahill did not include the Alternate Health press materials in the exhibits or submit any declaration about them.

8

## DISPOSITION

The order denying appellant's anti-SLAPP motion is affirmed.  Appellant's request for judicial notice is denied.  Respondents are to recover their costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9